10-2477-cr
United States v. Lopez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand eleven.

PRESENT: ROGER J. MINER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                                          No. 10-2477-cr

RAFAEL LOPEZ, aka Persio Lopez, aka Jesus Peralta,
aka C.O. Jesus Peralta, aka Ernest Rio,

*Defendant-Appellant.*

---------------------------------------------------------------------

FOR APPELLANT:          Colleen P. Cassidy, Federal Defenders of New York, Inc.,
                        New York, New York.

FOR APPELLEE:           Brian R. Blais, Katherine Polk Failla, Assistant United States
                        Attorneys, *for* Preet Bharara, United States Attorney for the
                        Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (John F. Keenan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Rafael Lopez pled guilty to reentering the United States illegally after having been deported following a prior aggravated felony conviction. See 8 U.S.C. § 1326(a), (b)(2). On appeal, he challenges his 30-month sentence, which we review for "reasonableness," a standard "akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 26-27 (2d Cir. 2006); see also Gall v. United States, 552 U.S. 38, 46 (2007). Lopez contests only the procedural reasonableness of his sentence, arguing that the district court did not comprehend its ability to vary from the Sentencing Guidelines to avoid disparity with lower sentences available in fast-track jurisdictions.

Fast-track jurisdictions (of which there are none in this Circuit) allow illegal-reentry defendants a reduced sentence in exchange for a quick guilty plea. See United States v. Hendry, 522 F.3d 239, 240 n.1 (2d Cir. 2008). We have yet to address whether a district court in a non-fast-track jurisdiction may impose a below-Guidelines sentence based on a comparison with fast-track sentences, see id. at 241, a question that has sharply divided other courts of appeals, see, e.g., United States v. Reyes-Hernandez, 624 F.3d 405, 413-15, 422 (7th Cir. 2010) (collecting cases). We have, however, held that district courts do not have to grant such variances. In United States v. Mejia, 461 F.3d 158 (2d Cir. 2006), we held that a refusal to vary downward does not create an

2

unwarranted disparity with defendants receiving fast-track sentences. Id. at 164; cf. 18 U.S.C. § 3553(a)(6). We reasoned that defendants in fast-track districts are not similarly situated to those in non-fast-track districts, as the former must waive certain rights – such as the rights to appeal their convictions or challenge them through habeas corpus – that remain available to the latter. See Mejia, 461 F.3d at 162. Expanding this holding in Hendry, we added that "sentences in fast-track districts cannot be compared with sentences in non-fast-track districts in order to demonstrate that the latter are longer than necessary." 522 F.3d at 242; cf. 18 U.S.C. § 3553(a).

In this case, Judge Keenan chose not to impose a below-Guidelines sentence, a choice that Mejia and Hendry allow him. He did not, however, assume that he lacked all authority to consider disparities between fast-track and non-fast-track sentences; rather, he simply agreed with the arguments supporting a Guidelines sentence in Lopez's case. We therefore may leave for another day, as Mejia and Hendry did, the question of whether district courts may vary downward based on the unavailability of fast-track sentencing if they choose to do so.

We reject the argument that Judge Keenan did not understand Lopez's request for a variance or assumed he was bound not to grant such a variance. Below, Lopez had argued that "[t]here is no meaningful difference between him and fast-track eligible defendants, other than the accident of where he was arrested when he returned to the United States." He therefore asked the district court to impose a sentence in line with what he might receive in a fast-track jurisdiction (a) "to avoid unwarranted sentence

disparities," 18 U.S.C. § 3553(a)(6), and (b) on the ground that such a sentence would be "sufficient, but not greater than necessary," to accomplish the purposes of sentencing, id. § 3553(a). In response, the government acknowledged that no precedent said that a district court *could* not vary from the Guidelines for such reasons, but argued that the court *should* not do so, emphasizing that Mejia and Hendry had rejected arguments like the ones Lopez made.

Noting at the outset that he did not "have a lot of sympathy for somebody [like Lopez] that fires a gun at a car with somebody in the car," Judge Keenan nevertheless considered both Lopez's arguments for a variance and the government's arguments against one and ultimately sided with the government. Lopez points to Judge Keenan's statements that "[t]his is not a fast track jurisdiction" and that the case is not a "fast track case" and argues that such statements reflect confusion about Lopez's arguments for or the availability of a variance in a non-fast-track jurisdiction. Context, however, shows Judge Keenan's understanding. His full explanation was: "I agree with the government's letter. I don't think this is [a] fast track case. I don't think this is a case to vary or depart from the [G]uidelines. In my view [a Guidelines sentence] is appropriate." The government letter to which Judge Keenan referred made the argument, recounted above, that even assuming a district court has the power to impose a below-Guidelines sentence based on fast-track disparities it should not do so. And his statement that "I don't think this is a case to vary or depart from the [G]uidelines" acknowledges and rejects the argument that Lopez made in his submission to the court. Judge Keenan sentenced Lopez

4

"within the [G]uidelines . . . because," he explained, "[18 U.S.C.] § 3553(a) requires that in this case" – not because any policy implicit in the fast-track program requires it. We see no abuse of discretion in this conclusion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk