11-1719-cr
*United States v. Ronald Greenland*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
       *Circuit Judges.*

_____

United States of America,

     *Appellee,*

       v.                                 No. 11-1719-cr

Ronald Greenland, a/k/a Ronald Clair Greenland,
a/k/a Clare Greenland,

     *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**     Daniel M. Perez, Newton, NJ.

**FOR APPELLEE:**     Elisha J. Kobre and Katherine Polk Failla, Assistant U.S. Attorneys, *for* Preet Bharara, U.S. Attorney, United States Attorney's Office for the Southern District of New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Ronald Greenland ("Greenland") appeals from the April 25, 2011 judgment entered by the District Court, convicting him, following his guilty plea, of unlawfully entering the United States after removal following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Greenland was sentenced principally to 60 months of imprisonment and three years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review a criminal sentence for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (*en banc*) (quotation marks omitted); *see also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that the term of art "abuse of discretion" includes errors of law). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). We have previously likened our review for substantive unreasonableness "to the consideration of a motion for a new criminal jury trial, which should be granted only when the jury's verdict was 'manifestly unjust,' and to the determination of intentional torts by state actors, which should be found only if the alleged tort 'shocks the conscience.'" *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (quoting *United States v. Rigas*, 583 F.3d 108, 122-23 (2d Cir. 2009)).

On appeal, Greenland principally argues that his sentence was substantively unreasonable because an unwarranted disparity exists between illegal reenty defendants who receive "fast-track" dispositions and those who do not.[1] Specifically, Greenland argues that (1) an intra-circuit disparity exists because Judge Sweet and Judge Weinstein automatically grant downward departures in illegal reentry cases in light of the absence of a fast-track program throughout our Circuit; and (2) an inter-circuit disparity exists because several of our sister circuits have held that district courts may consider fast-track disparity in determining an illegal reentry sentence. We are not persuaded.

As a general matter, among the factors a sentencing court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

---

[1] A "fast-track" program is an early disposition program authorized by the Attorney General of the United States that "allows a defendant charged with illegal reentry to plead to a reduced sentence or to a lesser offense (such as entering the United States without inspection)." *United States v. Mejia*, 461 F.3d 158, 159 (2d Cir. 2006).

guilty of similar conduct." 18 U.S.C. § 3553(a)(6). "Precisely because § 3553(a)(6) is only one of several factors that must be [weighed] and balanced by the sentencing judge, a district court's identification of disparity does not require it to adjust a sentence downward from the advisory guidelines range in order for that sentence to be reasonable . . . ." *United States v. Florez*, 447 F.3d 145, 157 (2d Cir. 2006) (internal citation and quotation marks omitted). Instead, "the weight to be given such disparities . . . is a matter firmly committed to the discretion of the sentencing judge and is beyond our [appellate] review, as long as the sentence imposed is reasonable in light of all the circumstances presented." *Id.* at 158 (second alteration in original) (internal quotation marks omitted).

We have previously held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *United States v. Mejia*, 461 F.3d 158, 164 (2d Cir. 2006). In *United States v. Hendry*, 522 F.3d 239 (2d Cir. 2008), we went further, rejecting the argument that § 3553(a) required a lower sentence in a jurisdiction without a fast-track program to correspond to sentences in fast-track jurisdictions. *See id.* at 242 ("[Because] defendants in fast-track districts were not similarly situated to those in non-fast-track-districts . . . . sentences in fast-track districts cannot be compared with sentences in non-fast-track districts in order to demonstrate that the latter are no longer than necessary.").[2]

Whether a district court has the authority to impose a non-Guidelines sentence in response to fast-track sentencing disparity if it decides that such a reduced sentence is warranted remains an open question in this Circuit. *See, e.g., United States v. Lopez*, 424 F. App'x 51, 52 (2d Cir. 2011) (summary order) ("We have yet to address whether a district court in a non-fast-track jurisdiction may impose a below-Guidelines sentence based on a comparison with fast-track sentences . . . ."). That question is not squarely presented in this appeal, however, because there is no basis to conclude that Judge Wood believed she lacked authority to impose a below-Guidelines sentence based on fast-track disparity.

The record in this case makes clear that the District Court considered all of the § 3553(a) factors and fashioned an appropriate sentence "[i]n light of the seriousness of the offense, Mr. Greenland's criminal history, the need for individual deterrence, as well as general deterrence and just punishment." On these facts—which include Greenland's 28 prior convictions—the District Court did not abuse its discretion in imposing a sentence of 60 months.

---

[2] Contrary to Greenland's assertion, our holding that "defendants in fast-track districts [are] not similarly situated to those in non-fast-track districts," *Hendry*, 522 F.3d at 242 (citing *Mejia*, 461 F.3d at 162), does not foreclose consideration of a fast-track variance by a sentencing court. Whether a sentencing court is *required* to grant a fast-track variance is not the same as whether a court may, in its discretion, consider fast-track disparity in fashioning an appropriate sentence.

## CONCLUSION

We have considered all of Greenland's claims on appeal, including those raised in his supplemental *pro se* brief, and conclude that each of them is without merit.[3] Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Greenland, in his *pro se* brief, points to a conceded error in the Guidelines calculation, but one which had no impact on his Criminal History Category or Guidelines range. Thus, any error was harmless.